IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Rachel Turner, individually and on behalf of all other similarly situated individuals, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| Condustrial, Inc. d/b/a Medustrial Healthcare and Staffing Services, Medustrial Healthcare and Medustrial Healthcare Referral Services; Claude Anthony Durham; Thomas Maynard Sears, Jr.; and Dolores Lissette Collachi f/k/a/ Dolores Lissette Shoemaker, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C/A No. 3:17-00205-MBS

**ORDER AND OPINION**

On January 23, 2017, Plaintiff Rachel Turner ("Plaintiff"), individually and on behalf of all similarly situated individuals, filed a complaint against Defendants Condustrial, Inc. d/b/a Medustrial Healthcare and Staffing Services; Medustrial Healthcare; and Medustrial Healthcare Referral Services (together "Condustrial") in the United States District Court for the District of South Carolina. On March 30, 2017, Plaintiff filed an amended complaint in which she added agents and officers of Condustrial: Defendants Claude Anthony Durham; Thomas Maynard Sears, Jr.; and Dolores Lissette Collachi f/k/a Dorlores Lissette Shoemaker ("Individual Defendants"). On April 21, 2017, Plaintiff filed a second amended complaint against all Defendants in which she sets forth her class allegations. Plaintiff asserts a cause of action against Condustrial only for failing to pay overtime wages, in violation of the Fair Labor Standards Act (FLSA) (First Cause of Action). Plaintiff also asserts a state law cause of action for violation of the South Carolina Payment of

Wages Act (SCPWA) against all Defendants (Second Cause of Action), alleging that she was denied wages, vacation, holiday, and sick leave and other benefits due.

This matter is before the court on Condustrial's partial motion to dismiss Plaintiff's SCPWA cause of action, as well as the Individual Defendants. *See* Fed. R. Civ. P. 12(b)(6).  On May 12, 2017, the Individual Defendants joined Condustrial's motion to dismiss.  Plaintiff filed a response in opposition on May 26, 2017, to which Defendants jointly filed a reply on June 2, 2017.

## I.  FACTS

Condustrial is a skilled labor staffing agency.  Condustrial contracted with the South Carolina Department of Corrections ("SCDC") on September 15, 2008, to provide qualified nursing professionals for patients under the custody and control of SCDC.  Plaintiff is a licensed practical nurse ("LPN") who was hired by Condustrial to commence working on February 23, 2013.  She was assigned exclusively to the SCDC until September 5, 2015, when she was injured on the job.

Plaintiff alleges that Condustrial misclassified her, and other similarly situated individuals, as independent contractors instead of employees.  Plaintiff claims that because of the misclassification she was denied compensation for overtime, as well as other benefits, as set forth above.  Plaintiff seeks (1) an order requiring notice to current and former employees who are potential class members; (2) a declaratory judgment that Condustrial willfully and in bad faith violated the overtime compensation provisions of the FLSA; (3) an order requiring Condustrial to provide an accounting of all compensation to which she and other class members are entitled; (4) an award of monetary damages in the form of compensation due, with liquidated damages in an equal amount; (5) injunctive relief ordering Condustrial to amend its wage and hour policies; (6) an order certifying a class; (7) treble damages under the SCPWA; and (8) attorneys' fees and costs, as well as prejudgment interest.

II. DISCUSSION

To survive a motion to dismiss, a claim must be facially plausible, *i.e.*, a pleading must include facts from which a defendant's liability can be reasonably inferred. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations cannot be speculative. They must provide a reasonable expectation that discovery will reveal evidence of the alleged misconduct. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556)). However, the pleading standard does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 678; *see* Fed. R. Civ. P. 8. "Determining whether a complaint states a plausible claim for relief . . . . requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A. Preemption

Defendants first argue that Plaintiff's SCPWA claims should be dismissed because the claims are preempted by the FLSA. Plaintiff asserts, however, that her SCPWA cause of action is not premised upon a failure to pay overtime. She states that the second amended complaint does not incorporate any of the allegations from the FLSA cause of action into her cause of action under the SCPWA.

Preemption requires duplication. *Meller v. Wings Over Spartanburg*, C/A No. 2:15-cv-2094-PMD, 2016 WL 1089382, *3 (D.S.C. March 21, 2016) (concluding that the plaintiffs' SCPWA claim was not preempted because it did not duplicate the rights and relief available under the FLSA). Plaintiff's complaint seeks "all wages due, as required by sections 41-10-10(2), 41-10-40, and 41-10-50 of the Act." ECF No. 31, ¶ 75. Under section 41-10-10(2):

> "Wages" means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. Funds placed in pension plans or profit sharing plans are not wages subject

to this chapter.

To the extent Plaintiff seeks unpaid holiday, vacation, and sick leave wages, her claims are governed exclusively by the SCPWA, because the FLSA provides no remedy. *See Chaplin v. SSA Cooper, LL.*, No.2:15-cv-1076-DCN (D.S.C. Dec. 27, 2007) (holding that because the "allegations are separate and distinct from those asserted under the FLSA claim, the . . . SCPWA claim is not preempted by the FLSA"). Therefore, her second cause of action is not preempted by the FLSA.

Defendants also contend that the Individual Defendants should be dismissed because they are named only in the SCPWA cause of action. However, because the court has determined that it is not dismissing the SCPWA claim, the Individual Defendants also remain in the case. *See Dumas v. InfoSafe Corp.*, 463 S.E.2d 641, 645 (S.C. Ct. App. 1995) (concluding that the definition of "employer" in S.C. Code Ann. § 41-10-10(1) includes "agents or officers of a corporation who knowingly permit their corporation to violate the Act").

B.      Failure to State a Claim under SCPWA

Defendants next argue that Plaintiff failed to establish the right to wages because she does not identify an employer policy or contract giving her the right to vacation, holiday, and sick leave payments. Defendants assert that the only contracts between Plaintiff and Condustrial denominate Plaintiff as an independent contractor. The independent contractor agreements disclaim any right to overtime wages as well as any right to vacation pay, holiday pay, sick leave, and other benefits:

> The independent contractor is not entitled to and shall not receive benefits or rights guaranteed to the broker or the client, or by operation of law, to their respective employees, including but not limited to group insurance, liability insurance, disability, Worker's Compensation, paid vacation, sick leave, or other leave, retirement plans, health plans, bonuses, premium overtime pay, and the like, and the contractor acknowledges that he/she has negotiated her fees based upon these considerations.

In response, Plaintiff states only that her allegation Defendants failed to pay wages "as

4

required by law" necessarily implies that either an employment contract or employer policy entitles her and others to such wages. Plaintiff bases her argument on the contract between Condustrial and SCDC, which contract provided, according to the complaint:

> RN's, LPN's, assigned to SCDC by Contractor are employees of Contractor and not SCDC. These employees shall be paid for their services only by Contractor. All matters concerning wages, expenses, hours worked and paid, working conditions, and other similar administrative matters shall be resolved between Contractor and its employees and not between employees and SCDC. Contractor shall be responsible for withholding federal and state income taxes, paying federal Social Security taxes, unemployment insurance and maintaining workers' compensation insurance in an amount and under such terms as required by the State of South Carolina.

ECF No. 31, ¶ 29.

Plaintiff claims that, consistent with the contract between Condustrial and SCDC, Condustrial treated her as an employee because it (1) had the right to fire her; (2) controlled employee work schedules by assigning shifts, shift locations, and the amount of hours worked; (3) controlled conditions of employment by requiring that Plaintiff work at the SCDC, wear an identification badge, report to the site-supervising nurse if an incident arose during a shift, participate in annual performance evaluations, attend mandatory staff meetings, and submit weekly reports; and (4) determined rate of pay at $21.00 dollars an hour, which was increased to $22.00 dollars an hour after one month. ECF No. 31, ¶¶ 41-58. *See Kerr v. Marshall Univ. Bd. Of Governors,* 824 F.3d 62, 83 (4th Cir. 2016) (noting that relevant factors to consider when determining the status of employment include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records"). The court concludes that Plaintiff states a plausible claim for relief.

III. CONCLUSION

For the reasons stated, Defendants' motions to dismiss the second amended complaint (ECF Nos. 38, 39) are **denied**.[1]

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 21, 2017

---

[1] To the extent required, Condustrial's motion to dismiss the first amended complaint (ECF No. 20) is **denied as moot**.

6