IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| RACHEL TURNER, individually and on behalf of all other similarly situated individuals, | ) ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No. 3:17-cv-205-DCC |
| CONDUSTRIAL, INC. D/B/A MEDUSTRIAL HEALTHCARE AND STAFFING SERVICES, MEDUSTRIAL HEALTHCARE and MEDUSTRIAL HEALTHCARE REFERRAL SERVICES; CLAUDE ANTHONY DURHAM; THOMAS MAYNARD SEARS, JR.; and DOLORES LISSETTE COLLACHI F/K/A DOLORES LISSETTE SHOEMAKER, | ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**ORDER OF FINAL SETTLEMENT
APPROVAL AND DISMISSAL WITH PREJUDICE**

Plaintiffs initiated this collective action pursuant to the Fair Labor Standards Act ("FLSA"). After a joint motion by the parties, the Court granted preliminary approval of a settlement and certified a settlement class. ECF No. 88. Thereafter, the parties provided notice to all potential class members and, after the conclusion of the opt-in period, filed a Joint Motion for Settlement and Dismissal with Prejudice. ECF No. 104. The Court requested additional briefing on the issue of the reasonableness of attorneys' fees and costs, and Plaintiffs filed a memorandum and supporting documents. ECF No. 107. Additionally, the Court held a settlement hearing in order to ensure that the proposed final settlement was fair, reasonable, and in accordance with the appropriate legal standards. ECF No. 108. After reviewing the filings, arguments of counsel, and

relevant law, the Court approves the parties' proposed final settlement and dismisses this action with prejudice as set forth below.

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. The Court hereby finally approves the settlement set forth in the Parties' Settlement Agreement as being fair, just, reasonable, and adequate, and in the best interests of Plaintiff and the opt-in Plaintiffs. The settlement reflects a compromised resolution of a bona fide dispute, which is fair and reasonable to all parties. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) ("Although the Fourth Circuit has not directly addressed what factors district courts should consider when analyzing proposed FLSA settlements, district courts tend to follow the analysis the Eleventh Circuit put forth in *Lynn's Food Stores*:[1] (1) Is there a bona fide dispute? (2) Is the proposed settlement fair and reasonable? (citations omitted)). Specifically, the Court has "consider[ed] the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Id.* (internal citation and quotation omitted).

2. Moreover, the Court finds that the form, content, and procedures of the Notice that was distributed to the Class Members constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all persons in the Class, complying fully with the requirement of the Constitution of the United States, 29 U.S.C. § 216(b),

---

[1] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

and any other applicable laws. The representations by the Parties, including those contained in the declaration submitted by Plaintiff's Counsel, demonstrate that Plaintiff's Counsel went to great lengths to locate and provide notice to all potential Class Members. After carefully and thoroughly reviewing the notice process, the Court is satisfied that every good faith effort was made to locate and provide notice to all potential Class Members, rendering the settlement procedurally reasonable fair and reasonable.

3. As stated more fully in the Settlement Agreement, Defendants agreed to pay up to $150,000 (the Gross Settlement Amount), inclusive of (a) attorneys' fees, costs and expenses of Class Counsel; and (b) an Enhancement Award to Named Plaintiff Rachel Turner. The Settlement Agreement provides that the attorneys' fees, costs, expenses, Enhancement Awards, and fees and expenses of claims administration are to be deducted from said maximum of $150,000, and that the remaining balance is to be available to be claimed by opt-in Plaintiffs through the claims process set forth in the Settlement Agreement and approved in the Court's Order of Preliminary Approval. As shown below, the Court has approved (a) an award of attorneys' fees, costs and expenses to Class Counsel in the total amount of $108,945.39; and (b) an Enhancement Award to Named Plaintiff Rachel Turner in the amount of $10,000. The remaining balance is the Net Settlement Amount.

4. There are 15 Class Members who submitted timely and proper Consent to Join Lawsuit and Claim Forms ("Claim Forms"). ECF Nos. 89–103. Each of those 15 Class Members has consented to be a party plaintiff in this case pursuant to 29 U.S.C. § 216(b).

5. Pursuant to the Settlement Agreement, the Parties have calculated the portion of the Net Settlement Amount (after deducting the amounts awarded above) to each opt-in Plaintiff, as

reflected in Exhibit 1 to the Settlement Agreement, and shall distribute to each of the 15 Class Members his or her share of said Net Settlement Amount.

7. All Opt-in Plaintiffs are conclusively deemed to have released all settled claims as described in the Settlement Agreement. All Opt-in Plaintiffs are hereby forever barred and permanently enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

8. The Court approves Class Counsel's request for attorneys' fees, costs and expenses in the total amount of $ 108,945.39, which shall be paid as provided in the Settlement Agreement. To that end, the Court has scrutinized Plaintiffs' fee agreement, which provides for a modified contingency fee whereby counsel receives earned attorneys' fees or forty percent of the gross recovery by settlement, judgment, or other means, whichever is greater. ECF No. 107-6. Here, Plaintiffs' counsel submitted documentation indicating they accrued $158,619.50 in attorneys' fees, and further offered affidavits from well-established employment attorneys attesting to the reasonableness of Plaintiffs' counsel's hourly rates. The Court has reviewed these documents and understands that this is a complex case that required extensive attorney involvement. Further, the Court acknowledges that Plaintiffs' counsel accepted a reduced fee in the Settlement Agreement in order to resolve this case. Taking these factors together, the Court finds that Plaintiffs' requested fees and costs are fair and reasonable under the circumstances. *See id.* at 850 ("Because the attorneys' fees of $246,000 are less than the lodestar number and fees, the Court finds the proposed attorney's fee to be reasonable.").

9. Additionally, the Court approves Class Counsel's request for Named Plaintiff Rachel Turner's incentive award in the amount of $10,000, which shall be paid as provided in the

Settlement Agreement. The Court has considered the relevant factors and has determined that an increased award to Plaintiff Rachel Turner is justified, particularly in light of the complex nature of her involvement in the case. *See id. at* 850–51 ("To determine whether [an incentive award] is warranted, the Court must consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." (internal citation and quotation omitted)).

10. The payment and delivery of all settlement payments, attorney's fees, costs, and incentive payment to the Named Plaintiff shall be made as provided for and required by the Settlement Agreement. These payments will be distributed within 30 days of this Order.

11. As provided in the Settlement Agreement, the unclaimed portion of the Net Settlement Fund allocable to the shares for Class Members who did not properly and timely execute and submit Claim Forms remain the sole property of Condustrial, Inc. The Named Plaintiff, Class Counsel, and the Class Members shall have no right to or interest in any unclaimed portion of the Net Settlement Fund.

12. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party, other than as provided in the Settlement Agreement. The claims that are thereby dismissed shall include all claims encompassed by the releases set out in the Settlement Agreement.

13. The dismissal of this case is without prejudice to the rights of the Parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter solely for purposes of resolving any disputes which may arise under the Settlement Agreement.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
                                                            United States District Judge

November 15, 2018
Spartanburg, South Carolina